Charles A. GALE, Petitioner,

v.

David R. HARRIS, Superintendent, Greenhaven Correctional Facility, Respondent.

No. 77 Civ. 5175.

United States District Court, S. D. New York.

Feb. 8, 1978.

As Amended March 10, 1978.

---

Pierce Gerety, Jr., Prisoners' Legal Services of New York, New York City, for petitioner, by Mickey A. Steiman, David Steinberg, Poughkeepsie, N. Y., of counsel.

Mario Merola, Dist. Atty., Bronx County, New York City, for respondent, by Jane Louise Koch, Asst. Dist. Atty., Bronx County, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Petitioner Charles A. Gale brings this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the ground therefor, petitioner relies upon the Second Circuit's decision in *U. S. ex rel. Welcome v. Vincent,* 549 F.2d 853 (2d Cir. 1977), finding that habeas corpus relief was warranted for Ernest Welcome, a co-defendant with petitioner in an indictment charging four counts of felony murder. Also joined in the indictment was Winston Holmes, who obtained habeas corpus relief on the basis of *Welcome v. Vincent, supra.*

The facts which gave rise to the *Welcome* decision are as follows. The three co-defendants were jointly tried for the murder of Hyman and Seymour Katz during a robbery of their realty company on November 2, 1967. At trial, defendant Welcome called certain alibi witnesses in his defense; he also called Albert Cunningham, who, on November 9, 1967, had confessed to participation with three others in the crime for which Gale and his co-defendants were later tried. Cunningham was indicted and charged with felony murder. Toward the end of November 1967, petitioner Gale was identified by an eyewitness to the crime and in January 1968 a second indictment was filed charging Gale, Welcome, Holmes and another unnamed defendant with the murder.

Despite the fact that Cunningham had repudiated his confession, it was found to be voluntary at a Huntley hearing in 1969. His case proceeded to trial but, on a motion of the District Attorney of Bronx County, the charges against him were dropped.

At the trial of Gale, et al., Cunningham testified on direct examination that he, a man named Branch and one named Green, robbed the Katz brothers. He did not mention the fourth unknown man whom he had previously implicated in his confession. On cross-examination the prosecutor elicited that Cunningham had not, in fact, intended to testify to his actual complicity in the robbery. Rather, he thought he was responding to defense counsel's questions regarding his prior "confession" which he had repudiated. No re-direct examination was permitted regarding Cunningham's prior statement. The trial court ruled that Cunningham could not be considered a hostile witness since he had not incriminated any of the defendants and therefore he could not be examined through the use of a prior inconsistent statement.

All three defendants were convicted of four counts of murder and sentenced to four concurrent terms of life imprisonment.

The three defendants appealed their convictions. Although at trial Gale's attorney had vigorously urged that the restricted examination of Cunningham denied all defendants a fair trial, on appeal, counsel for Gale did not stress this argument in his brief. In fact, his brief listed as the sole point of error that

> [t]he Court's failure to require the prosecution to produce memoranda, notes or police reports was prejudicial to appellant, Gale, and denied him a fair trial and due process.

Notwithstanding this statement, petitioner's brief does refer to the restricted examination of Cunningham and its effect on petitioner's rights. See Brief for Defendant-Appellant Gale, Appellate Division,

First Department, p. 37. Moreover, co-defendants Vincent and Holmes pressed this issue as their grounds for appeal and the appeals of all three were presented to and argued before the Appellate Division on the same dates. All three cases were decided on the same date and affirmed without opinion. 39 A.D.2d 839 (1st Dept. 1972). In addition, the Appellate Division had before it the record of the trial proceedings which contained repeated claims of constitutional error by counsel for petitioner. (T. 1196–1242).

The prosecution filed an omnibus brief in the Appellate Division as to all three defendants. In this brief the prosecution observed that "all three defendants allege that the trial judge committed serious prejudicial error respecting their fundamental rights in connection with their examination of the pertinent witness." Respondent's Brief in *People v. Charles Gale, Ernest Welcome and Winston Holmes*, at 22.

. Following the affirmance by the Appellate Division, leave to appeal to the Court of Appeals was denied. Welcome thereafter sought a writ of habeas corpus in federal court. The Second Circuit found that Welcome had been denied a fair trial and remanded his petition to the District Court instructing that a writ of habeas corpus be issued unless Welcome was retried within a reasonable period of time. *Welcome, supra.* Similar relief was granted to Holmes by Judge Broderick after Holmes petitioned for a writ of habeas corpus following the *Welcome* decision.

The State now urges that petitioner Gale's application for a writ of habeas corpus should be denied on three grounds: (1) that petitioner has intentionally bypassed the orderly procedure of the State Courts; (2) that *Welcome v. Vincent* is not controlling because Cunningham's statement inculpated petitioner and the evidence against him is overwhelming; and (3) that any error must be deemed harmless beyond a reasonable doubt.

■ The intentional bypass rule precludes federal habeas corpus review where a petitioner has deliberately failed to raise an issue presented for federal review during the state trial and appellate process. *United States ex rel. Cruz v. LaVallee*, 448 F.2d 671, 673 (2d Cir. 1971) *cert. denied*, 406 U.S. 958, 92 S.Ct. 2064, 32 L.Ed.2d 345 (1972). Such bypass may be overlooked where a petitioner can show both "cause" and "actual prejudice." *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ A review of the proceedings in the instant matter reveals, however, that no intentional bypass occurred. Although petitioner did not raise the issue presented here as a separate point in his brief, it does appear in the text of that brief. In view of the fact that it also appeared prominently in the record on appeal and that it was specifically made the basis for appeal by petitioner's co-defendants whose appeals were filed and heard contemporaneously with his, it is quite unlikely that the issue was not considered by the appellate courts with respect to petitioner as well. Moreover, the fact that the government treated the issue as applicable to all three, *see* Respondent's Brief in *People v. Charles Gale, Ernest Welcome and Winston Holmes*, at 22, lends support to this view. In the circumstances of this case, then, it appears that the State courts had ample opportunity to pass on the question at bar, and accordingly, federal habeas corpus review is in order. *See generally, Allen v. County Court, Ulster County*, 568 F.2d 998 at 1001–1004 (2d Cir. 1977).

■ The State next urges that *Welcome v. Vincent, supra*, is not controlling herein because in *Welcome's* case the evidence against him was weak, whereas here it is "overwhelming," and because Cunningham's statement exculpated Vincent while it inculpated petitioner. Respondent seeks to narrowly limit the *Welcome* holding to the precise situation presented therein, notwithstanding the fact that Judge Broderick concluded, without discussion, that *Welcome* was equally applicable to co-defendant Holmes. While the Second Circuit did narrowly confine its holding "to rare situa-

tions of this sort, where another person, present on the witness stand, has previously· confessed that he, rather than the defendant on trial has perpetrated the crime," *Id.* at 858–9, this narrow holding seems to include the petitioner at bar, and is not limited solely to the situation where the evidence against the defendant is weak. Furthermore, the State's suggestion that Cunningham's confession inculpates petitioner because it refers to a fourth unnamed accomplice is no more than speculation. In the first place, Cunningham's statement described the unnamed accomplice as carrying a shotgun while all the witnesses who identified Gale testified to seeing a revolver in his hands. They further testified to the presence of only three individuals at the scene of the crime. Cunningham's statement regarding the fourth man and the shotgun he carried found support in the testimony of Patrolman White whose memo book entry, received as defendant's Exhibit A, and allegedly obtained from witnesses to the crime, indicated that four men participated in the crime and that one carried a shotgun. Although the hat and glasses linked to Gale were identified by Cunningham as the type worn by the unnamed accomplice, it was for the jury to determine whether this statement described Gale and inculpated him as the fourth man, and Gale's right to bring this statement before the jury. *See Welcome, supra,* at 857.

The State finally argues that any error in limiting the cross-examination of Cunningham must be considered harmless with respect to the instant petitioner. However, despite the fact that three witnesses to the crime identified Gale and that physical evidence linked Gale to the crime, I cannot say that the cumulative evidence against him makes this constitutional error harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966). The error complained of herein affected substantial rights of the petitioner and gave rise to a "reasonable possibility that the [error] might have contributed to the conviction," *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). It is certainly

not clear to me beyond a reasonable doubt that a jury who heard Cunningham's prior statement would have nonetheless convicted petitioner Gale.

Based upon the foregoing, the petition for a writ of habeas corpus is granted unless petitioner is granted a new trial within 60 days from the date of this order.

IT IS SO ORDERED.