Herman STRAUCH, Petitioner,

v.

John P. KEANE, Superintendent,
Respondent.

No. 92 Civ. 1903 (RWS).

United States District Court,
S.D. New York.

Sept. 22, 1992.

Herman Strauch, Petitioner pro se.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondent (John J. Sergi, Asst. Dist. Atty. and Richard E. Weill, Second Deputy Dist. Atty., of counsel).

## OPINION

SWEET, District Judge.

Petitioner Herman Strauch ("Strauch"), a state prisoner, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon the opposition of the State and all the prior proceedings heretofore had, the petition is dismissed.

*Prior Proceedings*

By Westchester County Indictment Number 79–01148 Strauch was charged with the crimes of murder in the second degree, criminal possession of a weapon in the second degree and unlawful possession of marijuana. After a trial in the County Court, Westchester County (Zittel, J., sitting with a jury), Strauch was convicted by a jury as charged. Pursuant to that conviction, Strauch was sentenced on March 20, 1981 to the following terms of imprisonment: eighteen years to life for murder in the second degree; five to fifteen years for criminal possession of a weapon in the second degree, and a fine of $100 for unlawful possession of marijuana.

A notice of appeal was duly filed. Strauch was assigned counsel but successfully moved the appellate court to substitute J. Radley Herold, Esq., who had been his trial counsel, to prosecute the appeal. Strauch interposed a brief, the captions of the first four points on appeal being identical to the first four grounds of this petition. The People interposed a brief. The judgment of conviction was affirmed without opinion by the Appellate Division, Second Department, New York State Supreme Court, on July 13, 1984. *People v. Strauch,* 103 A.D.2d 1048, 479 N.Y.S.2d 391 (2d Dep't 1984). The New York Court of Appeals denied Strauch leave to appeal to that court on October 2, 1984. *People v. Strauch,* 63 N.Y.2d 949, 483 N.Y.S.2d 1034, 473 N.E.2d 51 (1984).

Thereafter, Strauch sought his first writ of habeas corpus pursuant to 28 U.S.C. § 2254, *Strauch v. Sullivan,* No. 85 Civ. 3922 (DNE). Adopting the recommendations set forth in the April 2, 1987 Report of Magistrate Judge Nina Gershon, the petition was dismissed on August 18, 1987 by the Honorable David N. Edelstein on the grounds that it contained several "unexhausted" claims. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The dismissal was without prejudice to the filing of an amended petition with the deletion of the unexhausted claims. The district court denied Strauch's request for a certificate of probable cause by order dated October 16, 1987, as did the Court of Appeals for the Second Circuit by order dated January 15, 1988.

Strauch then filed his second petition for habeas corpus relief. *Strauch v. Sullivan,* No. 88 Civ. 1774 (RWS), 1988 WL 112901. The first ground of this petition resurrected the *Sandstrom* claim of error in its own right and by virtue of a "spill-over" theory (that the jury instruction on presumed intent by virtue of the possession of an illegal weapon "spilled over" into the jury instruction on murder). Its second ground was identical to Ground One of the instant petition, which alleges that the trial court erred in admitting testimony of patrolmen Cretera and Riolo as to statements made by Strauch. The decision and order of this court dated October 14, 1988

reached the merits of both claims. The second ground, relevant here, was denied as presenting "questions of state evidentiary law, ... devoid of a constitutional question." *Strauch v. Sullivan*, 88 Civ. 1774 (RWS), slip op. at 13, 1988 WL 112901 (S.D.N.Y. Oct. 14, 1989). An appeal was taken as to this decision, but only with respect to asserted error in this court's treatment of the claimed *Sandstrom* infirmity. The denial of habeas corpus relief was unanimously affirmed by the Second Circuit on November 15, 1989. *Strauch v. Sullivan*, 891 F.2d 278 (2d Cir.1989).

Strauch then noticed a *pro se* motion returnable February 26, 1991 before the Appellate Division of the New York State Supreme Court. On this motion, Strauch sought to reargue the 1984 appeal and to bring on a claim that he received ineffective assistance of appellate counsel on that appeal (a claim treated by that court as a petition for a writ of error *coram nobis*). Both applications were denied by a decision and order of the Appellate Division dated March 14, 1991.

On February 11, 1992 Strauch filed his third petition for a writ of habeas corpus, which is presently before this court. Service on the State was made on April 17, 1992. The State's opposing papers were filed on May 13, 1992.

The petition sets forth four grounds upon which habeas relief is sought: (1) the improper admission of the defendant's statements without the notice required under state law, (2) the admission of statements made by Strauch while in "custody" without *Miranda* warnings, (3) the admission of the fruits of these statements, that is, the bullets which Strauch retrieved the night of the murder of his wife, and (4) the admission of the testimony of the medical examiner.

*The Underlying Conviction*

The convictions arose out of the shooting of Juliana Strauch ("Juliana"), Strauch's wife, on November 6, 1979. Strauch and an acquaintance, Kenneth Cooper ("Cooper") had been drinking and smoking marijuana at the time of the shooting. At 12:37 a.m., Strauch called the police and reported that there had been an accident and that he thought his wife might be dead. Three police cars were dispatched to Strauch's home.

Strauch confessed to the police that he owned the pistol from which the shots that killed his wife were fired, and admitted that he did not have a permit for the gun. Strauch also told various police officers that Cooper had accidentally discharged the gun while examining it, and later became scared and fled. Strauch was arrested for possession of a firearm and marijuana. Cooper was apprehended by the police and supplied evidence which caused Strauch to be charged with second-degree murder.

Cooper was the State's chief witness at trial. Officer Charles Cretera ("Cretera"), the first patrolman to arrive at the scene, also testified for the State. Cretera was permitted to testify about certain statements made to him by Strauch although the statements had been suppressed pursuant to New York law at a pretrial hearing to the extent that they varied from the statements summarized in a pretrial notice to Strauch. Strauch did not testify. His defense was that he had not shot Juliana at all; he had briefly entrusted the gun to Cooper, who then shot her by accident beyond Strauch's line of vision.

*Discussion*

1. *Failure to Meet the Notice Requirement Fails to Set Forth a Federal Constitutional Question*

The First Ground of the petition asserts that the admission of Cretera's testimony regarding Strauch's statements to him that were not disclosed in the pre-trial notice violated the state procedural requirement in New York Crim.Proc. § 710.30 that a defendant be given prior written notice of the substance of a statement to be introduced at his trial to permit him to prepare to contest its voluntariness. Strauch contends that the admission of this testimony constituted a violation of his right to due process.

At issue is a portion of Cretera's trial testimony in which he described Strauch's

pretrial statements to include matter not explicitly identical to the description of the conversation that appeared on the written notice. The trial court determined that the testimony was sufficiently similar to the substance of the written notice to satisfy the New York rule, and the state appellate court confirmed this interpretation and application of New York law.

■■■■ This very claim was addressed by this court on Strauch's second petition for habeas corpus. As held in the opinion denying that petition, no federal constitutional question amenable to habeas corpus relief has been raised by this claim, even if this court were to agree with Strauch's allegations that state law was misapplied or misinterpreted. *See Strauch v. Sullivan,* No. 88 Civ. 1774 (RWS), slip op. at 12–14, 1988 WL 112901 (S.D.N.Y. Oct. 14, 1988) and cases cited therein. Indeed, as this claim was not pursued on appeal from that decision, it was effectively waived.

### 2. *There Was No Miranda Violation*

Ground Two of the petition asserts that Strauch's statements are inadmissible as violations of *Miranda* rights because his pretrial statements were the result of "custodial" questioning. The necessarily dependent ground three asserts the improper admission of evidence that was the "fruit" of the claimed illegality.[1]

■■■■ In the first instance, the current *Miranda* claim was raised in the first habeas corpus petition before Judge Edelstein and, though it was not then found to be one of the "unexhausted" claims in the petition, it was not raised in the second habeas corpus petition before this court. The failure to raise this available claim in the second habeas corpus proceeding served to abandon it, and the current attempt to raise it in this third petition constitutes a fatal abuse of the writ. *McCleskey v. Zant,* 499 U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); 28 U.S.C. § 2254 Rule 9(b). Obviously, the dependent ground

three could also have been raised in the second petition and cannot be raised in the instant proceeding.

Further, the claim that Strauch was in "custody" at the time these statements were made is meritless. After hearing testimony, including that of Strauch, and considering all the evidence at a full pretrial hearing, the state court made findings of fact concerning the events in question. The police had been summoned by Strauch and ushered by him into his home with the request to hurry to assist the victim. The police asked what happened, and Strauch claimed an "accidental" shooting by himself or Cooper, who had since "fled." The police inquired as to the ownership of the gun, whether it was licensed and whether there was any other ammunition for it. Strauch volunteered responses and directed them to the extra ammunition. They also inquired as to whom the marijuana, in plain view on the coffee table, belonged. The conversation was cordial and non-coercive without any physical restraint or custody until after the statements were made, whereupon Strauch was arrested on charges of illegal possession of the marijuana and the unlicensed handgun.

■■■■ These findings of fact are fully binding upon a federal court on habeas review absent affirmative demonstration that they had no support in the state record or that the factfinding process was constitutionally deficient. *See Sumner v. Mata,* 449 U.S. 539, 546–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981); 28 U.S.C. § 2254(d). No such demonstration has been made in the present petition, which simply restates the headnotes set forth for the corresponding grounds in the direct state appeal. These facts cannot support any legal conclusion of "custody."

### 3. *Admission of the Medical Examiners Testimony Does Not Raise A Federal Question*

The petition's Fourth Ground asserts that "without proper foundation" the ex-

---

**1.** While Strauch does not specify that "fruit," the corresponding third point on direct state appeal claimed it to be the extra ammunition for the handgun with which Juliana Strauch was shot. The police asked to whom the gun belonged and

Strauch claimed it. The police asked if it was licensed and Strauch responded in the negative. The police asked if there was other ammunition and Strauch directed them to it.

pert witness medical examiner was improperly permitted to respond to the question, "Doctor, were you able to form an opinion, with a reasonable degree of medical certainty, as to whether this death was an accidental one?" According to Strauch, there was nothing medical, scientific or forensic about that issue but rather was a matter in the general knowledge of lay person. As such, he maintains, it was an inappropriate subject for expert opinion testimony. Also impugned as "usurping" the jury's function is the expert opinion testimony of "two witnesses," apparently referring to the medical examiner and the ballistics expert.

These claims were asserted as Ground Four of the direct state appeal and Ground Four of the first federal habeas corpus proceeding. In the latter proceeding, it was determined that this claim was among those "concerning the erroneous admission in a state criminal trial (that) are generally matter of state law" which was "unexhausted" by reason of the failure to present it to state courts in federal constitutional terms. This ground was not resurrected in the second habeas corpus petition two years later and was not asserted before the state tribunals, in the form of a motion to reargue, until four years had passed. Thus, this claim is deemed abandoned on the *McCleskey* grounds cited above.

■ Moreover, Strauch's presentation before the state court on this issue did not raise a claim of federal constitutional error. As such, there is no challenge to the law of the case that this claim is unexhausted. See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Petruccelli v. Coombe*, 735 F.2d 684, 688 (2d Cir.1984); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191–92 (2d Cir.1982).

■ Furthermore, as discussed above, an alleged error in a state court's interpretation of state rules of evidence does not rise to a constitutional level in and of itself. Finally, adequate foundation was laid that it was the Medical Examiner's forensic duty to attempt to determine if a shooting appeared to be accidental, arising out of the location, character and tracks of each of the bullet wounds and the location of the body. The standard instruction was given that this was merely an opinion offered to aid the jurors in understanding any matters beyond their lay knowledge and that it could be rejected in full. As such, no due process violation can be alleged by virtue of the admission of this expert testimony.

### 4. *No Relief Lies From Any Claim of Ineffective Appellate Counsel*

Finally, the petition sets forth a claim that he received ineffective assistance of counsel on his 1984 appeal. Strauch raised this claim in state court as part of his 1991 motion for reargument before the Appellate Division.

This claim is also deemed abandoned for the reasons already stated. Strauch could have exhausted state remedies by bringing this issue before the state appellate court well before the 1991 motion. Strauch has had ample incentive to exhaust his claim as to the incompetence of his appellate counsel. He clearly should have done so to make this ground available for presentation in his second federal habeas petition two years later in 1988.

Moreover, the claim is facially meritless since the petition identifies no failure by counsel (much less one so egregious as to reach constitutional dimensions) and fails to demonstrate actual prejudice resulting therefrom. See *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Indeed, the current petition simply repeats the very points raised by appellate counsel on direct appeal.

The petition is denied, *in forma pauperis* status is granted, and a certificate of probable cause is granted.

It is so ordered.