UNITED STATES of America, Appellee,

v.

**Roman Angel ROJAS, Defendant,**

**Rigoberto Justi, Defendant,**

**Juan Rodriguez, Defendant–Appellant.**

No. 00–1381.

United States Court of Appeals, Second Circuit.

March 23, 2001.

Ivan S. Fisher, Esq., New York, NY, for appellant.

Loretta E. Lynch, United States Attorney; David C. James, John R. Kroger, Eric A. Tirshwell, Assistant United States Attorneys, on the brief, Brooklyn, NY, for appellee.

Present WALKER, Chief Judge, OAKES, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Juan Rodriguez appeals from a judgment entered May 18, 2000 in the United States District Court for the Eastern District of New York (Gershon, *J.*) convicting him, after a jury trial, of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(a)(ii). Rodriguez was sentenced to 30 years imprisonment, which he is now serving; a special assessment of $100; and five years of supervised release. On appeal, Rodriguez argues, that (1) the district court erred in not dismissing the case for violation of the Speedy Trial Act, 18 U.S.C. §§ 3164–3174, and (2) the district court improperly denied his motion for severance of the charges.

We highlight only a few of the relevant facts here. On or before February 25, 1999, Rodriguez, Rigoberto Justi, and Roman Angel Rojas, as co-defendants, were indicted for a narcotics conspiracy that involved transporting cocaine from Texas to New York City. On March 3, 1999, the three co-defendants appeared together before the district court for the first time. Beginning in April 1999 and until the eve of trial, various motions were filed with the district court by the government, Rodriguez, Justi and Rojas.

In a letter dated June 6, 1999, sent to the court and opposing counsel, the government stated that it planned to seek a superceding indictment against Rodriguez which would charge him with engaging in a continuing criminal enterprise, to include a series of narcotics violations between 1990 and 1999 in violation of 21 U.S.C. § 848(e) ("CCE charge"). On June 16, 1999, the government filed the superceding indictment against Rodriguez. Rodriguez

moved to dismiss the superceding indictment and to sever the conspiracy charge from the CCE charge. The district court denied the motion to dismiss the superceding indictment and the motion to sever the charges. On June 21, 1999, in light of the superceding indictment, Rodriguez moved for an adjournment of trial until August 2, 1999, which the district court granted.

This court reviews de novo the district court's denial of Rodriguez's motion to dismiss the CCE count pursuant to the Speedy Trial Act. *See United States v. Paredes–Batista*, 140 F.3d 367, 374 (2d Cir.1998).

■ The Speedy Trial Act requires that a defendant's trial begin within 70 days of the date on which he was indicted or his first appearance before a judicial officer, whichever date occurs later. *See* 18 U.S.C. § 3161(c)(1). By Rodriguez's count, the trial began 186 days after he first appeared before Judge Gershon. The Speedy Trial Act also provides that certain periods of delay shall be excluded from the computation of the 70–day limit including any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). As the documents contained in the Government's Appendix make clear, practically every day—if not literally every day—between April 9, 1999 and September 27, 1999 was properly excluded from the Speedy Trial clock because of various pending motions.

■ Rodriguez argues, however, that the Government improperly manipulated the Speedy Trial clock by submitting a superceding indictment 5 days before the scheduled trial thus forcing Rodriguez to ask for an adjournment on June 21, 1999, which would stop the Speedy Trial clock until August 2, 1999. The record contains no evidence to support Rodriguez's contention that the Government filed the superceding indictment in order to manipulate the Speedy Trial clock. Indeed, the record shows that the government sought and obtained the indictment within a reasonable time. The government signed a cooperation agreement with its key witness relating to the CCE count in May 1999 and debriefed that witness later that month. On June 6, 1999, the government informed Rodriguez and the court of its intention to seek a superceding indictment. The grand jury returned the superceding indictment on June 16, 1999.

■ Rodriguez also argues that the Government's Rule 404(b) motion was improperly construed as a motion, thus the time during which the court considered the 404(b) issues was improperly excluded from the 70 day countdown. This argument must also fail. During a March 30, 1999 hearing, the district court and the parties, including Rodriguez, established a briefing schedule for the government's Rule 404(b) motion and for Rodriguez's opposition thereto. Accordingly, the Speedy Trial clock was properly stopped from April 9, 1999, the date on which the government timely filed its 404(b) motion, until June 16, 1999, the date that, as the district court later found, the 404(b) motion was moot in light of the superceding indictment. For the foregoing reasons, the district court did not err in denying the motion to dismiss due to violation of Speedy Trial Act.

■ As to Rodriguez's severance argument, we review a denial of a severance motion for abuse of discretion and will overturn such a denial only if the joinder was improper, *see United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir.1990), and if the "defendant demonstrates that the failure to sever caused him substantial prejudice in the form of a miscarriage of justice," *see*

*United States v. Jones,* 16 F.3d 487, 492 (2d Cir.1994) (internal quotation marks omitted). Because we find that the counts of conspiracy and CCE were properly joined, we affirm the denial of the severance motion.

We have carefully considered Rodriguez's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.