**UNITED STATES of America,**

v.

**Peter J. AJEMIAN et al., Defendants.**

**No. 11 Cr. 1091 (VM).**

United States District Court,
S.D. New York.

July 6, 2012.

Order Denying Reconsideration
Aug. 3, 2012.

Daniel Ben Tehrani, Justin S. Weddle, United States Attorney Office, E. Danya Perry, United States Attorney, New York, NY, for United States of America.

Thomas Edward Engel, McKool Smith, Joshua Lewis Dratel, Law Offices of Joshua L. Dratel, P.C., Lindsay Anne Lewis,

Henry Edward Mazurek, Clayman & Rosenberg, LLP, Joey Jackson, Koehler & Isaacs, LLP, Paul Barry Bergman, Paul B. Bergman, P.C., Richard Franklin Albert, Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C., Glenn Andrew Garber, Glenn A. Garber, P.C., Susan J. Walsh, Vladeck, Waldman, Elias & Engelhard, P.C., Mathew J. Mari, Mathew J. Mari, Attorney at Law, Chad Derek Seigel, Tacopina & Seigel, P.C., Joseph Tacopina, Joseph Tacopina, P.C., New York, NY, Thomas Anthony Durkin, Durkin & Roberts, Chicago, IL, Robert Douglas Didio, Leonard Ira Ressler, Leonard I. Ressler, Esq., Charles Seth Kelton, Kelton & Teichner, Kew Gardens, NY, Joseph W. Ryan, Jr., Joseph W. Ryan Jr., Melville, NY, Joseph A. Gentile, Frankie & Gentile, P.C., Robert G. Del Grosso, Edward Philip Jenks, Law Office of Edward P. Jenks, Mineola, NY, Joseph F. Kilada, Bell & Kilada PLLC, Carle Place, NY, William Douglas Wexler, William D. Wexler, Esq., North Babylon, NY, Stephen P. Scaring, Stephen P. Scaring, P.C., John Frederick Carman, Law Office of John F. Carman, Alan Jonathan Schwartz, Law Offices of Alan J. Schwartz, PC, Garden City, NY, Anthony M. La Pinta, Reynolds, Caronia, Gianelli & La Pinta, LLP, Happauge, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Joseph Rutigliano ("Rutigliano") and twenty other defendants were indicted for fraudulently receiving disability benefits from the United States Railroad Retirement Board ("RRB"). On March 27, 2012, Rutigliano filed a motion for severance and speedy trial (the "Severance Motion"). (Docket No. 74.) In order to accommodate all defendants, the Court set a trial date for February 11, 2013 and created a motion schedule under which defense motions are due on September 7, 2012, and the Government's response is due on October 9, 2012. On May 22, 2012, Rutigliano brought this motion to dismiss (Docket No. 90) under the Speedy Trial Act on the grounds that the delay in deciding the Severance Motion and starting his trial is not reasonable. For the reasons discussed below, Rutigliano's motion to dismiss is DENIED.

## I. BACKGROUND[1]

On December 19, 2011, Rutigliano was indicted, along with ten others, for conspiracy and fraud in connection with his allegedly fraudulent application for disability benefits with the RRB. The Court held its initial conference in this matter on March 16, 2012, and excluded time under the Speedy Trial Act, without objection, until the next conference scheduled for April 20, 2012. The April conference was adjourned until May 4, 2012, and time under the Speedy Trial Act, without objection, was excluded until then. (Docket No. 81.) On March 27, 2012, Rutigliano filed his Severance Motion. On May 4, 2012, the Court set a motion schedule and a trial date for February 11, 2013, and, despite Rutigliano's objection, excluded time under the Speedy Trial Act until the next conference scheduled for October 26, 2012.

On May 22, 2012, the Government indicted ten additional defendants for their participation in the conspiracy, for a total of 21 defendants. On the same day, Rutig-

---

1. The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: Government's Memorandum in Opposition to Defendant Rutigliano's Motion to Dismiss, June 28, 2012 (Docket No. 183); Memorandum in Support for Dismissal under the Speedy Trial Act, May 22, 2012 (Docket No. 90). Except where specifically referenced, no further citation to these sources will be made.

liano filed a motion to dismiss his indictment, invoking the Speedy Trial Act for what he characterizes as the "unreasonable delay" in the disposition of his motion to sever and in setting a trial date.

On June 15, 2012, the Court established a revised motion schedule to accommodate the new defendants so that they have enough time to review discovery and file motions. Under the revised schedule, defense motions are due on September 7, 2012, the Government's response is due on October 9, 2 012, replies from the defendants are due on October 26, 2012, and the October 26 conference was moved to December 7, 2012. Despite Rutigliano's objection, the Court also excluded time under the Speedy Trial Act until the December conference. Rutigliano contends that this revised motion schedule violates his rights under the Speedy Trial Act because it has caused an unreasonable delay in reaching a decision about his pending motion. Accordingly, he requests that the Court either dismiss his indictment or require the Government to respond to his motion.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

■ The Speedy Trial Act requires that a criminal trial begin within seventy days of the later of either the filing date of an indictment or the date in which a defendant appears before a judicial officer in response to his charges. *See* 18 U.S.C. § 3161(c)(1). When there is more than one defendant, the Speedy Trial Act imposes "a unitary time clock on all co-defendants joined for trial," which begins when the newest defendant is added. *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir.1990); *see also United States v. Piteo*, 726 F.2d 50, 52 (2d Cir.1983) ("[I]n cases involving multiple defendants, [there is] only one speedy trial clock, beginning on the date of the commencement of the

speedy trial clock of the most recently added defendant.").

■ Section 3161(h) of the Speedy Trial Act lists a variety of instances when time may be excluded from the 70–day clock. First, time is excluded when a defendant makes a pretrial motion. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding time between the filing of a pre-trial "motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The amount of time between the motion and disposition need not be reasonable. *See Henderson v. United States*, 476 U.S. 321, 330, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *United States v. Mora*, 04 Cr. 0530, 2005 WL 1354042, at *3 n. 7 (S.D.N.Y. June 7, 2005) (*"Henderson* is widely recognized for the proposition that the time between the filing of a pretrial motion and the hearing thereon need not be reasonable.").

■ Second, "a reasonable period" of time may be excluded "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). When additional defendants are added, a defendant may rely on this reasonableness limitation only when his motion to sever has been denied, and not when it is still under review. *See Vasquez*, 918 F.2d at 337.

Third, time may be excluded when the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the "ends of justice" may be satisfied when a case is "so unusual or so complex, due to the number of defendants ... that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

## B. *APPLICATION*

Because the Court established a reasonable motion and trial schedule and properly excluded time, time under the Speedy Trial Act has not expired. Additionally, there has been no unreasonable delay in deciding Rutigliano's motion.

■ Pursuant to § 3161(h)(1)(D), the speedy trial clock stopped running when Rutigliano filed his motion for severance on March 27, 2012. Based on the Court's motion schedule, the Government does not need to respond to Rutigliano's motion until October. Since there is no requirement that the time excluded between the filing of a motion and the hearing or disposition of a motion be reasonable and because Rutigliano's motion has not been denied, Rutigliano has not suffered undue delay and his rights under the Speedy Trial Act have not been violated.

■ Though the excluded time between the filing of a motion and its resolution does not need to be reasonable, the exclusion here is reasonable because of the large number of defendants in this complex case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Courts have broad discretion in determining trial and motion schedules. *See United States v. Bein,* 728 F.2d 107, 114 (2d Cir.1984) ("The trial judge has broad discretion over the trial timetable. To show abuse of that discretion, appellants must demonstrate arbitrary action substantially impairing the defense."); *United States v. Beverly,* 5 F.3d 633, 641 (2d Cir.1993) (same). Here, the Court used its discretion to set a motion and trial schedule that accommodates 21 defendants, ensures that the Government can efficiently respond to these motions all at once, and guarantees that the Court has enough time to review all motions before trial. Notably, Rutigliano is the only defendant who has objected to this motion schedule. This schedule and the excluded time are reasonable in light of the time needed for the additional defendants to review discovery and file motions, *see* 18 U.S.C. § 3161(h)(6), and in the interest of justice, *see* 18 U.S.C. § 3161(h)(7)(A). It would not be an efficient use of time or resources to require the Government and the Court to respond to every defense motion serially and individually, especially when many of the motions are likely to present substantially similar issues.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Joseph Rutigliano to dismiss the indictment on Speedy Trial Act grounds (Docket No. 90) is **DENIED.**

**SO ORDERED.**

### *DECISION AND ORDER*

By Decision and Order dated July 6, 2012 (the "July 6 Decision," Docket No. 184), the Court denied defendant Joseph Rutigliano's ("Rutigliano") motion to dismiss the indictment ("Motion to Dismiss," Docket No. 92). Rutigliano's motion was based on the allegedly unreasonable delay in deciding his motion to sever ("Motion to Sever," Docket No. 74) and on alleged violations of the Speedy Trial Act. Specifically, the Court held that the motion and trial schedule is reasonable in light of the large number of defendants in this case. Therefore, there had been no unreasonable delay in deciding Rutigliano's Motion to Sever, and time had been properly excluded under the Speedy Trial Act.

Because the Court issued its July 6 Decision prior to Rutigliano's filing a reply in further support of his Motion to Dismiss, the Court stated that it would treat Rutigliano's reply as a motion for reconsideration (Docket No. 186). On July 16, 2012,

Rutigliano filed a motion for reconsideration of the July 6 Decision ("Motion for Reconsideration," Docket No. 187). For the reasons discussed below, Rutigliano's Motion for Reconsideration is DENIED.

## I. *LEGAL STANDARD*

■ Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* § 4478 at 790).

■ To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3") must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment. See *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

## II. *DISCUSSION*

Rutigliano moved for reconsideration of the July 6 Decision on two related bases. First, Rutigliano argues that the Court overlooked the fact that the Government has acted in bad faith by delaying the trial and motion schedule in order to solicit more witnesses to support its case. Second, Rutigliano argues that the cases the Court relied upon in its July 6 Decision are not analogous to the instant suit because those cases and the Speedy Trial Act "contemplate[ ] good faith on the part of both the prosecution and the courts in the resolution of pretrial motions." (*See* Motion for Reconsideration at 7.)

■ The Court rejects each argument. First, both the Court and the Government have acted in good faith in setting the motion and trial schedule and in excluding time under the speedy trial clock, and there is no factual basis for Rutigliano's assertion to the contrary. The Government initially indicted Rutigliano and ten other defendants on December 19, 2011. (Docket No. 52.) On May 22, 2012, the Government added a wire fraud count and indicted ten more defendants. (Docket No. 96.) Despite Rutigliano's contention, the six month time period between the initial indictment and superseding indictment is reasonable. *See United States v. Rojas*, 7 Fed.Appx. 9, 10–11 (2d Cir.2001) (finding four-month time period between initial indictment and superseding indictment reasonable). *See also Vaughn v. Giambruno*,

No. 03 Civ. 5403, 2005 WL 1995391, at *6 (S.D.N.Y. Aug. 19, 2005) (*citing United States v. Infanti*, 474 F.2d 522, 527 (2d Cir.1973) (finding 21–month period between arrest and indictment not extraordinary)); *Holmes v. Bartlett*, 810 F.Supp. 550, 562 (S.D.N.Y.1993) (finding eighteen-month delay between arrest and arraignment reasonable and "considerably shorter" than delays in other cases where courts found no Speedy Trial Act violations). Furthermore, the filing of the superseding indictment is not an indication of the Government's effort to cause delay, but rather is a reasonable and routine step in an ongoing investigation of a complex conspiracy which allegedly involves several doctors and hundreds of Long Island Rail Road employees over many years. In order to accommodate the new defendants and the additional charge, on June 15, 2012, the Court appropriately amended the motion schedule so that the all defendants have enough time to review discovery and make motions. Even though Rutigliano is the only defendant who has filed a motion to sever so far, it is likely that other defendants will make similar motions, and allowing the Government and the Court to respond to these motions all at once would be most efficient and promote uniform and fair treatment of all defendants.

Significantly, while the Court extended the motion schedule on June 15, 2012, it maintained the original February 11, 2013 trial date. *See United States v. Nguyen*, No. 94 Cr. 241, 1995 WL 380122, at *2 (S.D.N.Y. June 26, 1995) ("Since the addition of new defendants has effectively delayed [defendant's] trial by only one day, that delay is reasonable.").

Accordingly, it is apparent that both the Court and the Government have acted in good faith, and, therefore, the Court has not overlooked any fact that would alter the outcome of its July 6 Decision.

Second, the cases that the Court relied upon in its July 6 Decision clearly describe when time may be excluded from the speedy trial clock and are applicable to the instant suit. In its Decision, the Court concluded that the speedy trial clock stopped running when Rutigliano filed his Motion to Sever and that the time between the filing and the hearing or disposition of his motion need not be reasonable. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding time between filing of pre-trial "motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The Court reached this conclusion based on a Supreme Court case which held that the "plain terms" of the Speedy Trial Act and Congress' intent indicate that the period of delay between the filing of a motion and the hearing thereon need not be reasonable. *Henderson v. United States*, 476 U.S. 321, 326–27, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *see also United States v. Simmons*, 812 F.2d 818, 819 (2d Cir. 1987) ("In Henderson ... the Supreme Court held that the Speedy Trial Act does not restrict the length of time for processing pretrial motions, rejecting the claim that section 3161(h)(1)[D] excludes only such time as is reasonably necessary." (internal quotations omitted)). Even though the Court held in its July 6 Decision that the excluded time need not be reasonable, the Court stated that the delay nevertheless is reasonable in light of the large number of defendants in this complex case. As such, the Court's reliance on *Henderson* was proper, not clearly erroneous, and provides no justification for reconsideration.[1] Rutigliano's second argu-

---

1. Since the Court's interpretation of 18 U.S.C. § 3161(h)(1)(D) and *Henderson* is dispositive, the Court need not address Rutigliano's con-

cern about the Court's reliance on *United States v. Vasquez*, 918 F.2d 329 (2d Cir.1990). Once again, the Court disagrees with the pre-

ment for reconsideration, therefore, also fails.

 Finally, the Court reminds Rutigliano that the Court has broad discretion in determining trial and motion schedules. *See United States v. Bein,* 728 F.2d 107, 114 (2d Cir.1984) ("The trial judge has broad discretion over the trial timetable."). "To show abuse of that discretion, appellants must demonstrate arbitrary action substantially impairing the defense." *Id.* As the above discussion demonstrates, the Court's decision to amend the motion schedule was not arbitrary and was appropriate and reasonable in light of the complex nature of this case. *See* § 3161(h)(7)(B)(ii). Moreover, there is no evidence that Rutigliano's defense has been impaired in any way.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Motion for Reconsideration of defendant Joseph Rutigliano (Docket No. 187) is **DENIED.**

**SO ORDERED.**

---

sumption underlying Rutigliano's contention that *Vasquez* is not analogous because the

Government has acted in bad faith here.