11-4841-cr
United States v. Rumble

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand thirteen.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                    No. 11-4841-cr

JOHN RUMBLE,

*Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:        JEREMY GUTMAN, New York, NY.

FOR APPELLEE:         ELIZABETH S. RIKER, Assistant United States Attorney
                      (Ransom P. Reynolds, Assistant United States
                      Attorney, *on the brief*), *for* Richard S. Hartunian,
                      United States Attorney for the Northern District of New
                      York, Syracuse, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant John Rumble appeals from a judgment of conviction entered in 2011, following a jury trial. The jury found Rumble guilty on six firearms-related counts charged in the second superseding indictment, but was unable to reach a verdict on the seventh count, which charged Rumble with threatening to kill a Federal agent in retaliation for the performance of the agent's official duties, in violation of 18 U.S.C. § 115(a)(1)(B) ("Count Seven"). After determining that Rumble's Sentencing Guidelines range was 121 to 151 months' imprisonment, the District Court sentenced Rumble to a term of imprisonment of 121 months. On appeal, Rumble argues (1) that the District Court admitted at trial prejudicial evidence of Rumble's alleged threats against the Federal agent, requiring a new trial, and (2) that the District Court erred in calculating Rumble's base offense level under the Guidelines. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. The Evidence Relating to the Alleged Threats

Rumble argues that he should receive a new trial because the District Court admitted prejudicial evidence, some of it hearsay, relating to Count Seven. Most of the evidence was admitted without objection, and our review is therefore for plain error. However, Rumble did object to one question during the testimony of the agent who was threatened: During the agent's direct examination, the Government asked the agent if the threat "affected you and your family," to which the agent replied, "[i]t has." Where a defendant preserves a challenge to a district court's evidentiary ruling, we review the ruling for abuse of discretion. United States v. Abreu, 342 F.3d 183, 190 (2d Cir. 2003).

2

"Additionally, we will not order a new trial because of an erroneous evidentiary ruling if we conclude that the error was harmless." Id.

As an initial matter, the District Court did not abuse its discretion by admitting evidence about the effect of the alleged threats on the agent and his family. The effect of a statement on its subject may be "highly relevant" to the question of whether or not the statement is a threat, United States v. Malik, 16 F.3d 45, 49 (2d Cir. 1994), and the agent's simple response, "[i]t has," was not inflammatory. Moreover, because the jury did not convict Rumble of Count Seven, we cannot say that any of the evidence that Rumble now challenges—all of which pertained to Count Seven—prejudiced the jury such that a new trial is required. See United States v. Diaz, 922 F.2d 998, 1007-08 (2d Cir. 1990).

Rumble argues that, in the absence of the challenged evidence relating to Count Seven, he might not have been convicted on the other six counts, which related to making false statements in federal firearms licensing documents, the sale of firearms to a drug user, and the possession of firearms by a drug user. We discern no basis in the record for such an argument. Because the evidence with respect to those counts was strong separate and apart from the evidence relating to Count Seven, we conclude that the claimed evidentiary errors were in any event harmless.

2. Sentencing

Rumble also argues that the District Court erred in calculating his base offense level during sentencing. Rumble argues that the District Court should not have applied U.S.S.G. § 2K2.1(a)(4)(B), which mandates a base offense level of 20 if, as applicable here, "the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine . . . ." The Application Note for § 2K2.1(a)(4)(B) provides as follows:

> [A] "semiautomatic firearm that is capable of accepting a large capacity
> magazine" means a semiautomatic firearm that has the ability to fire many
> rounds without reloading because at the time of the offense (A) the firearm

3

had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

U.S.S.G. § 2K2.1 cmt. n.2.  Rumble argues that the Government did not establish by a preponderance of the evidence that any of the firearms that he sold, or that were found at his home, had large capacity magazines either attached to them or in close proximity.

This argument lacks merit.   At trial, Scott Bentley, who illegally bought an AK-47 from Rumble, testified that Rumble gave him twenty- and thirty-round magazines along with the AK-47.   Moreover, at sentencing, the Government submitted an affidavit from a New York State Police supervisor of the unit that executed the search warrant on Rumble's residence.   In his affidavit, the supervisor, who had inventoried all of the firearms taken from Rumble's residence, explained that, according to the inventory, at least 38 semiautomatic weapons with attached magazines capable of accepting more than 15 rounds of ammunition were found in Rumble's home, and that 36 of those were loaded. Based on both the affidavit and Bentley's trial testimony, the District Court did not err in applying U.S.S.G. § 2K2.1(a)(4)(B).

We have considered all of Rumble's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4