**UNITED STATES of America,**

**v.**

**John RUMBLE, Petitioner–Defendant.**

**No. 5:09–CR–230.**

United States District Court,
N.D. New York.

Signed July 1, 2015.

John Rumble, Waymart, PA, pro se.

Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for United States of America.

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

On July 7, 2014, petitioner-defendant John Rumble ("Rumble" or "defendant"), proceeding pro se, moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or cor-

rect the sentence imposed on him following his conviction, after a jury trial, of various unlawful acts related to the possession and sale of firearms. The United States of America (the "Government") filed a response in opposition on January 16, 2015. Defendant replied on February 2, 2015.

The motion has been fully briefed and will be considered on the basis of the submissions, including the Declaration by George Hildebrandt, Esq. ("Attorney Hildebrandt") defendant's former trial attorney, and the letter brief from Jeremy Gutman, Esq. ("Attorney Gutman"), defendant's former appellate counsel.

## II. BACKGROUND [1]

On March 31, 2009, U.S. Magistrate Judge David E. Peebles authorized the execution of a search warrant covering Rumble's residence and vehicle as well as the collection of hair, blood, or urine samples from his person. The warrant was supported by informant statements indicating defendant, a federally licensed firearms dealer, was involved in the unlawful sale of firearms to known drug users and/or the exchange of firearms for controlled substances.

On April 2, 2009, federal law enforcement officials executed this warrant. The agents seized, among other items, approximately 174 firearms and their associated federal firearm licensee records, a triple beam scale allegedly containing marijuana residue, and defendant's hair and urine samples. Defendant was arrested at the scene.

On April 15, 2009, a federal grand jury sitting in the Northern District of New York returned a one-count indictment charging Rumble with being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Defendant, represented by Attorney Hildebrandt, waived his right to a personal appearance at an arraignment and entered a plea of not guilty.

On July 29, 2009, a federal grand jury returned a superseding indictment expanding the time period during which Rumble allegedly violated § 922(g)(3), identifying the 150 firearms at issue, and adding forfeiture allegations against this property.[2] Defendant again waived his right to a personal appearance at an arraignment and renewed his plea of not guilty.

On December 2, 2009, Rumble moved for omnibus pre-trial relief, primarily seeking to suppress statements made during and after the execution of the search of his residence and vehicle. An evidentiary hearing was conducted and defendant's motion was granted in part on May 26, 2010.

On July 26, 2010, Rumble moved again for omnibus pre-trial relief, this time seeking to preclude certain expert testimony and obtain evidence in the Government's possession. Defendant also requested a *Daubert* hearing regarding the admissibility of evidence of a drug sniffing dog sweep that had been conducted during the search of his residence. This motion was dismissed without prejudice to renew at trial.

On February 8, 2011, Rumble moved to suppress all of the items seized from his residence pursuant to the search warrant executed by federal agents in 2009 based on a series of alleged omissions of material facts by the Government's agents. In the interim, a federal grand jury returned a

---

1. The factual narrative is derived from a review of the entire docket, including Rumble's motion papers and the Government's filings in opposition.

2. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was only able to establish the requisite interstate nexus with 150 of the 174 weapons that were seized.

second superseding indictment against defendant on March 23, 2011, adding a number of charges related to his allegedly unlawful conduct in the sale and possession of firearms. Defendant again waived his right to a personal appearance and renewed his plea of not guilty. Defendant's suppression motion was denied.

Finally, on May 23, 2011, the charges in the second superseding indictment were tried to a jury in Utica, New York. Rumble was found guilty on the first six counts of that indictment; the Government voluntary dismissed count seven after the jury failed to reach a verdict. Defendant was sentenced principally to 121 months' imprisonment.

Represented by Attorney Gutman on appeal, Rumble argued the trial court: (1) improperly admitted prejudicial evidence of his alleged threats against a federal agent; and (2) erred in calculating his base offense level under the sentencing guidelines.

By mandate issued April 13, 2013, the U.S. Court of Appeals for the Second Circuit affirmed Rumble's conviction and sentence. *United States v. Rumble*, 520 Fed. Appx. 26, 29 (2d Cir.2013) (summary order). The Circuit rejected defendant's argument regarding evidence of the alleged threats because this evidence pertained to count seven, which was dismissed on the Government's motion, and further noted that "[b]ecause the evidence with respect to [the other counts] was strong separate and apart from the evidence relating to Count Seven, we conclude that the claimed evidentiary errors were in any event harmless." *Id.* The Circuit likewise rejected defendant's sentencing challenge, noting the Government proffered ample evidence from which the trial court could conclude that U.S.S.G. § 2K2.1(a)(4)(B), which mandates a base offense level of twenty, was applicable to defendant's conduct. *Id.* at 29.

### III. *LEGAL STANDARDS*

#### A. *Section 2255*

■ Section 2255 permits a court to "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). This section limits claims to those that allege "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* Accordingly, collateral relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Jackson*, 41 F.Supp.3d 156, 161 (N.D.N.Y. 2014) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995)).

■ Because Rumble is proceeding pro se, his submissions will be "liberally construed in his favor," and will be read "to raise the strongest arguments that they suggest." *Jackson*, 41 F.Supp.3d at 161 (internal citation and citation omitted). However, a § 2255 petitioner still bears the burden of proving his claim by a preponderance of the evidence, *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000), and "[a]iry generalities, conclusory assertions[,] and hearsay statements will not suffice" to meet this standard. *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir.1987). Nor is a reviewing court required to credit factual assertions that are "contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir.2009).

## B. Ineffective Assistance of Counsel

A defendant seeking to attack his conviction and sentence based on the ineffective assistance of counsel must meet the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must overcome the "strong presumption" that counsel's conduct was reasonable by showing that counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms" by identifying "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687–89, 104 S.Ct. 2052.

Second, the defendant must also "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052. To demonstrate this prejudice, the defendant must show that there is a reasonable probability that counsel's error altered the result of the proceeding. *Id.* at 691, 104 S.Ct. 2052. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome" of the integrity of the proceeding. *Id.* at 694, 104 S.Ct. 2052. This prong "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir.2003) (citation omitted).

## IV. DISCUSSION

Rumble claims that Attorney Hildebrandt was ineffective for failing to: (1) negotiate and /or inform him of a plea deal; (2) move to dismiss the indictment for a violation of the Speedy Trial Act; (3) call Richard Fisher as a witness; or (4) mount an effective challenge to the Government's evidence at trial. Defendant also claims Attorney Gutman failed to raise certain issues for appellate review. The Government argues defendant's motion should be denied because it is time barred. Alternatively, the Government argues defendant's counsels' performance was effective and therefore he cannot show prejudice.

## A. Timeliness

As relevant here, a § 2255 motion is subject to a one-year statute of limitations that begins to run from "the date on which the judgment of conviction becomes final." § 2255(f)(1). However, finality does not attach until the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Because defendant did not file a petition for a writ of certiorari, his sentence became final on July 7, 2013, ninety days after the Second Circuit issued its April 8 decision affirming his conviction and sentence. *See* Sup.Ct.R. 13 (noting a petitioner has ninety days from entry of the order, not the issuance of the date of the mandate, to seek review on certiorari). Accordingly, defendant's July 7, 2014 petition—filed exactly one year after the Second Circuit issued its April 8 decision—is not time barred.

## B. Plea Deal

Rumble argues that Attorney Hildebrandt failed to negotiate a plea deal with the Government, and failed to adequately describe to him what a potential plea deal might be.

A defendant in a criminal proceeding enjoys the right to effective assistance from his attorney at all critical

stages in the proceedings, including during the plea bargaining process. *Siraj v. United States,* 999 F.Supp.2d 367, 370 (E.D.N.Y.2013) (collecting cases). In this context, a constitutionally effective attorney must ordinarily: (1) advise the client of any offer the Government extends; (2) outline the strengths and weaknesses of the case against him; and (3) provide an estimate of the defendant's sentencing exposure at trial. *Id.*

■ Importantly, however, a defendant always retains "the ultimate authority" to determine "whether to plead guilty." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *see also Boria v. Keane,* 99 F.3d 492, 496–97 (2d Cir.1996) ("The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case. This decision must ultimately be left to the client's wishes." (internal quotation marks omitted)).

■ The record establishes that any failure by Attorney Hildebrandt to successfully negotiate a plea bargain occurred at Rumble's direction. Attorney Hildebrandt initially informed defendant, in writing, that a guilty plea could potentially be exchanged for a relatively short sentence and warned defendant of the potential additional consequences of proceeding to trial. *See* Hildebrandt Decl., Ex. A, ECF No. 205–1, 12–13.[3] In response, defendant expressed to Attorney Hildebrandt in at least one letter, dated July 23,

2010, his disinterest in any plea agreement. Hildebrandt Decl., Ex. C, ECF No. 205–1, 17 ("Please do not enter into any plea bargain negotiations with the U.S. Attorney's Office."). In fact, Attorney Hildebrandt made repeated efforts to explain possible legal options and courses of action to defendant based on the Government's evidence against him. *See* Hildebrandt Decl. ¶¶ 4–11.

■ Rumble argues in reply that he never received any letter from Attorney Hildebrandt describing a potential guilty plea and claims he would have pleaded guilty had a lenient sentencing offer been arranged. But defendant's self-serving, conclusory allegation, clearly refuted by the factual record, is "insufficient to substantiate his claim." *United States v. Noorzai,* 953 F.Supp.2d 499, 507 (S.D.N.Y. 2013) (concluding same). Simply put, an attorney cannot be considered ineffective for failing to secure something he had been directed not to pursue. *Cf. Florida v. Nixon,* 543 U.S. 175, 189, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (noting attorney's duty of consultation adequately discharged where counsel made several efforts to explain proposed trial strategy to client). Accordingly, this aspect of defendant's motion will be denied.

### C. Speedy Trial Act[4]

Rumble also claims Attorney Hildebrandt was ineffective for failing to move for dismissal of the charges against him

---

3. Pagination corresponds with that assigned by CM/ECF.

4. Rumble also cites to *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which addresses violations of the Sixth Amendment's Speedy Trial Clause. To the extent defendant's petition is construed as alleging a violation of that amorphous right, such an argument must be rejected. *See United States v. Moreno,* 789 F.3d 72, 79 (2d

Cir.2015) ("The Sixth Amendment is rarely violated by delay attributable entirely to the defendant, or by delay that serves some legitimate government purpose." (internal citations omitted)). As discussed in greater detail in this section, defendant filed numerous pretrial motions and agreed to various stipulated continuances. Accordingly, there was no meritorious basis on which Attorney Hildebrandt could have filed such a motion.

based on the Government's failure to abide by the seventy-day time limit imposed by the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). The Government argues that because certain periods of time during trial preparation were excluded from this time limit, only fifty-six days of the seventy-day time limit elapsed.

The Speedy Trial Act requires a defendant who initially pleads not guilty to be tried within seventy days of the unsealing of his indictment or his first appearance before a judge, whichever is later. § 3161(c)(1). However, certain periods of delay will automatically stop the running of this seventy-day "clock," § 3161(h), and the clock can even be "reset," subject to certain limitations, when a new indictment is returned against a defendant. *United States v. Sachakov*, 812 F.Supp.2d 198, 207 (E.D.N.Y.2011) (noting "the Speedy Trial clock begins to run anew with the filing of a new indictment that contains a different charge").

For instance, "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" must be excluded from the seventy-day period. § 3161(h)(1)(D); *see also United States v. Ajemian*, 878 F.Supp.2d 432, 435 (S.D.N.Y.2012) ("The amount of time between the motion and disposition need not be reasonable."). Likewise, "[a]ny period of delay resulting from a continuance . . . . at the request of the defendant or his counsel or at the request of the attorney for the government" must also be excluded provided that "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

To be sure, the time period between when the grand jury first returned an indictment against Rumble in 2009 and the eventual beginning of his trial in 2011 merits closer scrutiny given the Speedy Trial Act's apparent seventy-day limitation. Initially, the period between U.S. Magistrate Judge George H. Lowe's acceptance of defendant's waiver of his right to personally appear at an arraignment on the original indictment (April 29, 2009) and the first stipulated continuance (May 26, 2009) accounts for a period of twenty-six days of non-excludable time.

But although the speedy trial clock did begin running again just prior to the return of the first superseding indictment on July 29, 2009, the act of filing that indictment paused the clock after only two additional days of non-excludable time had elapsed. § 3161(h)(5); *United States v. Kelly*, 45 F.3d 45, 48 (2d Cir.1995) (concluding time period between filing of a superseding indictment and defendant's arraignment on that instrument is excluded from the speedy trial computation). The clock actually remained paused until after U.S. Magistrate Judge Gustave J. DiBianco accepted defendant's renewed waiver and plea on August 4, 2009. *Kelly*, 45 F.3d at 48; *see also e.g.*, *United States v. Young*, 528 F.3d 1294, 1296 (11th Cir. 2008) (treating a superseding indictment as equivalent to dismissing the original indictment and filing a new one).

The Government suggests this superseding indictment "reset" the speedy trial clock, resulting in a new seventy-day period in which to proceed to trial on the charges. Rumble, citing *United States v. Roman*, argues that the first superseding indictment actually "inherited" the time already elapsed under the original indictment. *See* 822 F.2d 261, 264 (2d Cir.1987) (superseding a pending indictment with an offense or offenses required to be joined with the originally charged offense results

in the seventy-day clock being inherited against the new charging instrument).

This claim has some limited appeal, although it bears noting that the speedy trial clock runs against individual charges, not the charging instrument as a whole. *See United States v. Solnin,* 81 F.Supp.3d 193, 201–02, 2015 WL 332132, at *6 (E.D.N.Y. 2015) (limiting speedy trial analysis to certain counts charged in an indictment). In other words, a speedy trial violation stemming from a particular charge brought in an earlier indictment would not, absent some independent bar, prevent the Government from proceeding to trial against the defendant based on a different offense or offenses charged in a new instrument. *See* 18 U.S.C. § 3288.

As relevant here, the initial indictment charged Rumble with being an unlawful user of a controlled substance in possession of a firearm in a violation of § 922(g)(3) during a period between January 2009 and April 2, 2009, and the first superseding indictment charged a violation of the same statute. However, the superseding indictment also charged additional criminal conduct related to that charge occurring over a significantly expanded time period and included a schedule listing 150 firearms allegedly involved in the violation.

▉▉▉▉ "A § 922(g)(3) violation can be established by proof that a person used controlled substances regularly and over an extended period of time, and contemporaneously with his possession of *a* firearm." *United States v. Ross,* No. 1:09–CR–64–04, 2013 WL 496139, *6 (D.Vt. Jan. 9, 2013) (Report & Recommendation),

*adopted by* 2013 WL 496335 (D.Vt. Feb. 11, 2013) (emphasis added). In other words, § 922(g)(3) simply requires the Government to prove: (1) the defendant is an unlawful user or addicted to any controlled substance; (2) who knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce. *United States v. Cheeseman,* 600 F.3d 270, 281 (3d Cir.2010), *cert. denied,* 562 U.S. 1060, 131 S.Ct. 636, 178 L.Ed.2d 476 (2010) (Mem.).

Therefore, the Government could have secured a conviction on the charge found in the first superseding indictment if the jury found these elements were satisfied using any combination of the newly expanded dates and list of firearm(s) charged in the superseding indictment, not simply the limited period found in the initial charging instrument. Following acceptance of defendant's not guilty plea to this new charging instrument, a total of only forty-eight non-excluded days elapsed before trial began. Accordingly, it did not violate the Speedy Trial Act to proceed to trial on the second superseding indictment, which included this newly expanded § 922(g)(3) charge, because the offense did not inherit the prior elapsed time.

Under Rumble's theory, however, the first superseding indictment inherited the twenty-eight days of non-excludable time which had already accrued under the original indictment. When considered together with the remaining periods of non-excludable time, the Government would have run afoul of the Speedy Trial Act's limitation by a total of six days before defendant's trial began.[5]

---

5. Rumble also takes issue with the number and sufficiency of stipulated continuances in his case and suggests each is "facially defective." Although these orders may have been terse, they were in compliance with relevant precedent. *See, e.g., United States v. Plaza–*

*Andrades,* 507 Fed.Appx. 22, 25 (2d Cir.2013) (summary order) (declining to second-guess district court's approval of stipulated continuances that were "based on the stipulated facts and the court's related findings").

Even assuming this were the case, Attorney Hildebrandt cannot be considered constitutionally ineffective for failing to move to dismiss on that basis, since the appropriate remedy for the Government's violation of the Act would only have been a dismissal without prejudice.

The Speedy Trial Act's dismissal remedy "is not constitutionally mandated." *United States v. Gaskin*, 364 F.3d 438, 451, 455 (2d Cir.2004) ("The issue before us is not constitutional double jeopardy but statutory speedy trial."). "If a trial does not begin on time, the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges, and if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner v. United States*, 547 U.S. 489, 499, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). "In making that choice, the court must take into account, among other things, 'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.'" *Id.* (quoting § 3162(a)(2)).

Rumble, a federally licensed firearms dealer, was charged with a number of serious offenses related to firearms possession as well as allegedly threatening to kill a government agent. *See United States v. Munlyn*, 607 F.Supp.2d 394, 399 (E.D.N.Y. 2009) (noting firearms-possession offenses are considered serious). This factor would certainly have militated in favor of a dismissal without prejudice.[6]

Nor was there any evidence, and Rumble points to none beyond his frustration with the original search warrant application, to suggest a pattern of neglect or bad faith by the Government. *See e.g., Sachakov*, 812 F.Supp.2d at 211 (dismissing indictment for Speedy Trial Act violation without prejudice, in part because the Government has been "otherwise diligent" in its prosecution); *United States v. Wells*, 893 F.2d 535, 539 (2d Cir.1990) ("To dismiss an indictment with prejudice for a violation of the Speedy Trial Act, the court should specifically describe the Government's conduct and find that conduct to be more than 'an isolated unwitting violation,' be it a 'truly neglectful attitude,' 'bad faith,' a 'pattern of neglect,' or other serious misconduct." (internal citations and citation omitted)).

Further, "when the charged crime is a serious one, permitting the government to re-file the indictment benefits the administration of justice as a whole." *Munlyn*, 607 F.Supp.2d at 401. Indeed, "considering the serious nature of the crime[s] charged, and in the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an isolated unwitting violation of the Speedy Trial Act cannot support a decision to dismiss with prejudice." *Id.* at 400 (quoting *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir.1988) (internal quotation marks omitted)).

Therefore, the Government could have brought all of the charges eventually tried in the second superseding indictment even if Attorney Hildebrandt had succeeded in making a Speedy Trial Act motion at some point in the six days just before trial. *Zedner*, 547 U.S. at 499, 126 S.Ct. 1976 ("When an indictment is dismissed without prejudice, the prosecutor may of course seek-and in the great majority of cases will

---

**6.** Although this charge was later dismissed, it would have borne directly on the Speedy Trial

Act issue under consideration at the time.

be able to obtain a new indictment, for even if the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned ... within six calendar months of the date of the dismissal."). Because this precludes defendant from demonstrating he was prejudiced, his claim must fail. *See, e.g., Fairley v. United States,* 2011 WL 1097537, \*8 (S.D.N.Y. Mar. 22, 2011) (concluding petitioner could not show *Strickland* prejudice where Speedy Trial Act violation would have been dismissed without prejudice).

### D. *Richard Fisher*

Rumble next claims that Attorney Hildebrandt was ineffective for failing to call Richard Fisher as a witness.

■ "Decisions concerning investigation and strategy, including the arguments to stress, witnesses to call, motions to make, and lines of inquiry to pursue, fall squarely within the ambit of trial strategy and, if *reasonably made,* cannot support an ineffective assistance claim." *Jackson,* 41 F.Supp.3d at 165 (citation and internal quotation marks omitted) (emphasis in original).

■ Rumble vaguely contends Mr. Fisher's testimony would have assisted him in overcoming the "lies" and "fabricated" evidence brought by the Government. However, Attorney Hildebrandt notes in his affidavit that, in his judgment, Mr. Fisher's testimony would likely have harmed defendant's case—Mr. Fisher, against all advice, continued to make statements in various media outlets regarding the ongoing case. More importantly, Attorney Hildebrandt reasonably concluded Mr. Fisher had made a number of contradictory factual assertions that called his credibility into question.

■ In any event, "[a] failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel." *United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002) (internal citations omitted). Accordingly, defendant's motion with respect to this claim will be denied.

### E. *Zealous Defense*

Rumble alleges that Attorney Hildebrandt ineffectively challenged the Government's evidence in this case. In particular, defendant focuses on Attorney Hildebrandt's failure to successfully suppress evidence obtained during the execution of the search warrant and continues to claim that the search warrant is invalid because it contains false statements and material omissions.

However, this argument was already made by Attorney Hildebrandt and rejected by the trial court in its April 21, 2011 Order, which recognized that "[t]he ultimate inquiry is whether, after putting aside erroneous information and material omissions, 'there remains a residue of independent and lawful information sufficient to support probable cause.'" *United States v. Awadallah,* 349 F.3d 42, 65 (2d Cir.2003) (quoting *United States v. Canfield,* 212 F.3d 713, 718 (2d Cir.2000)). In fact, defendant has now adopted theories identical to those pressed by Attorney Hildebrandt in the original suppression motion to argue Hildebrandt was ineffective in failing to suppress this evidence. Defendant has utterly failed to present any evidence to suggest that a different course of action by Attorney Hildebrandt with respect to challenging the search warrant might have changed the outcome of the unfavorable suppression ruling. Accordingly, this aspect of defendant's motion will be denied.

### F. *Appellate Counsel* [7]

Rumble claims Attorney Gutman's appellate representation was ineffective because he failed to challenge the search of his home on appeal. Even assuming, arguendo, an argument on this point would have been meritorious, appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Jackson*, 41 F.Supp.3d at 169 (quoting *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)); *see also Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir.2000) ("Counsel does not have a duty to raise every non-frivolous argument that could be made.").

Rumble has offered no particular, specific evidence to contradict the presumption that Attorney Gutman had a valid, strategic reason for not raising this issue on appeal. Indeed, the lack of any such evidence, combined with a review of the warrant itself, the supporting documentation, and the trial court's order denying Attorney Hildebrandt's suppression motion, indicates this argument would have been unlikely to succeed on appeal. *See, e.g., Hodges v. Bezio*, No. 09–CV–3402 ENV, 2012 WL 607659, at *15 (E.D.N.Y. Feb. 24, 2012) (noting appellate counsel's failure to raise an argument that "would have likely failed on appeal and was decidedly not among the more potent arguments" did not constitute ineffective assistance). Accordingly, defendant's motion with respect to this claim will be denied.

### V. *CONCLUSION*

Rumble has failed to show, via specific facts, that either his trial or appellate counsel's performance was constitutionally deficient. *See Jackson*, 41 F.Supp.3d at 169 ("Surmounting *Strickland's* high bar is

never an easy task." (citation omitted)). Although the benefit of hindsight often reveals flaws in the tactical decisions made during any criminal case, any such error in this case is insufficient to necessitate collateral relief. Because none of defendant's various arguments amount to a "plausible claim" of ineffective assistance of counsel and therefore an evidentiary hearing is not required. *See Morales v. United States*, 635 F.3d 39, 45 (2d Cir.2011); *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). Likewise, because defendant has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28 U.S.C. § 2253(c).

Therefore, it is

ORDERED that

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED; and

2. A certificate of appealability will not be issued.

IT IS SO ORDERED.

---

7. The Government notes that Attorney Gutman has declined to file an affidavit despite the grant of waiver of the attorney-client privilege.